Pearson, O'. J.
 

 The pleadings involve the construction of the codicil, and its effect upon the provisions of the will. Does the codicil revoke that provision which gives to the testator’s grand-son, John A. Houston, one-fifth part of the estate ? Or has it simply the effect of
 
 naming the slaves
 
 which lie had before put into the possession of some of his children, and which the will, in general terms, directs to be accounted for as advancements, and of giving to John A. Houston one thousand dollars, including his interest in the money for the Jack?
 

 
 *404
 
 The difference in these two results is very great, and it may be that we have not been able to comprehend the meaning of the testator. If so, it was his misfortune not to have expressed it in direct terms, so that it could be understood. All we can do, is to attempt to arrive at his intention, according to the established rules of construction. By the aid of these yules, after giving to the subject much consideration, we are of opinion that the latter is the proper construction.
 

 “
 
 A codicil is a supplement to a will, or an addition made by the testator and annexed to, and to be taken as a part of the testament, being for its explanation or alteration, or to make some addition to, or substitution for, the former disposition of the testator,” 2 Blacks. Com. 500. “In dealing with such cases, it is an established rule,
 
 not to disturb the dispositions of the will
 
 further than is
 
 absolutely
 
 necessary, for the purpose of giving effect to the codicil,” 1 Jarman on Wills, 160, and the cases there cited.
 

 To give to the codicil under consideration, the effect of revoking the will, in respect to the disposition made of one-fifth part of the testator’s large estate, and of cutting off his grandson, to whom he had given that fifth part, so as to allow him only $1000, which is to include the amount to which he was before entitled on account of the Jack, and of leaving this fifth part undisposed of, would be very greatly to disturb the dispositions of the will, and cannot be justified by any rule of construction, unless direct words be used to express that such is the meaning of the testator.
 

 The codicil begins by setting out that the will “ made sundry devises and bequests according to the then existing circumstances of my estate, but which circumstances having now materially changed, I do by this writing, which I hereby declare to be a codicil to my said will, to be taken and construed as a part thereof, will, and direct and give to my daughter, Lucy, &c.” This announcement prepares one to look for great results, but when taken in connection with the fact, that the will was executed the
 
 very da/y before
 
 the codicil was made, so that there was no time for the
 
 “
 
 existing circumstan
 
 *405
 
 ces of the estate to have materially changed,” and with the dispositions made in the codicil, it is obvious that it is in truth a “ mere preamble,” which the man, who was writing the codicil had taken from some old form that he had seen, or had then before him, and consequently, is not deserving of very great weight in putting a construction upon the disposing parts of the instrument.
 

 In looking at the clause of the codicil, which gives rise to' the difficulty, we find enough to create perplexity as to the meaning, but not enough to satisfy the mind, that there was an intention to revoke. After giving the $1000, it proceeds, “ and should he die before he arrives to the age of twenty-one years,
 
 his property
 
 to revert back to my children, said John Augustus
 
 having no further interest in my effects”
 
 “ FT is property” can hardly refer to the $1000, because that is not the way we usually speak of
 
 money;
 
 and if it refers to the property which he takes under the will, and there is nothing else to which it can refer, it is a recognition instead of a revocation of the provision made for him by the will, and the words, “ having no further interest in my effects,” may be satisfied by supposing them to refer to the fact, that both, by the will and the codicil, the legacy given to John A. Houston, is subject to a limitation over, if he should die before the age of twenty-one without wife or children,
 
 in which
 
 event, he would have no further interest in the testator’s estate. At all events, these words are of too doubtful an import to justify the conclusion that the testator intended to revoke his will, made only the day before, as to one-fifth part, so as to leave that part undisposed of, and consequently, to be distributed among his next of kin, in which distribution, his grandson, whom it is his supposed intention to disinherit, would take one-fifth part of this undisposed of fifth part; which leads to an absurdity. These considerations and the well-established rule, that a will and the codicil should be so construed as to make them stand together, unless the words forbid it, lead us to the conclusion that the codicil does not amount to revocation.
 

 
 *406
 
 There will be a decree declaring that in the opinion of this Court, John A. Houston is entitled as well to the one-fiftk part given him, by the will, as to the $1000 given him by the codicil.
 

 Per Curiam, Decree accordingly.