R. L. McLEOD, Executor of LEVI S. WARNER. v. Mrs. MATTIE
JONES et al.

(Filed 24 April, 1912.)

1. Wills—Latent Ambiguity—Intended Donee—Extrinsic Evidence.
    When there is a latent ambiguity in the expression used in a
    will to denote the donee of a gift, extrinsic evidence is compe-
    tent to apply the description to the intended donee, when it does
    not otherwise alter or affect the construction of the writing.

2. Same—Religious Institutions.
    One who was an active member of a Baptist church in a cer-
    tain locality, and during his life contributed to its foreign, home,
    and State missions, its orphanage, and other causes; devised
    and bequeathed certain of his property to (a) the Home Mis-
    sions of the Baptist denomination; (b) to the Foreign Missions
    of the Baptist Church; (c) to the Thomasville Orphanage:
    Held, it was competent to show by parol or extrinsic evidence
    that the intended donees were. (a) the Home Mission Board of
    the Southern Baptist Convention; (b) the Foreign Mission Board
    of the Southern Baptist Convention; (c) the Trustees of the
    Thomasville Baptist Orphanage; and that these were the only
    institutions of the church of which he was a member that he
    could have intended as the beneficiaries under his will.

APPEAL from Ferguson, J., at September Term, 1911, of
MOORE.

Civil action to obtain the construction of the last will and
testament of Levi S. Warner, deceased, and assure the proper
distribution of his estate.

It appeared that the testator made the will in question and
died without wife or children, leaving some sisters and children
of others surviving as his next of kin and heirs at law; that the
action was instituted by the executor named in the will and for
the purposes indicated and the persons above referred to, and
the Home Mission Board of the Southern Baptist Convention
and the Foreign Mission Board of the Southern Baptist Con-
vention and the Trustees of the Baptist Church at Carthage,
N. C., and the trustees of the Thomasville Baptist Orphanage,
were made parties defendant; that the will, after making sev-
eral devises and bequests to his sisters who survived the testa-

tor, and the children of those deceased, contained the following items, which are the special subjects of controversy:

8th. I will and bequeath one-third of all the proceeds of the balance of my real and personal property of every description and kind to Home Missions of the Baptist denomination.

9th. I will and bequeath one-third of all the proceeds of the balance after item 7 of all real and personal property of every description and kind to Foreign Missions of the Baptist denomination.

10th. I will and bequeath the remainder of all my real and personal property of every description and kind to the Thomasville Orphanage.

And it appeared that there would be several thousand dollars affected by the items, as stated.

After being charged by the court, the jury rendered, in reference to these items, the following verdict:

1. Did testator, by the words in item 8 of his will, "Home Missions of the Baptist denomination," intend "the Home Mission Board of the Southern Baptist Convention," as alleged? Answer: Yes.

2. Did testator, by the words in the 9th item of his will, "Foreign Missions of the Baptist denomination," intend "the Foreign Mission Board of the Southern Baptist Convention," as alleged? Answer: Yes.

3. Did the testator, by the words in the 10th item of his will, "Thomasville Orphanage," intend "The Trustees of the Thomasville Baptist Orphanage," as alleged? Answer: Yes.

Upon this verdict and on the matters now in controversy between the parties, the court entered judgment as follows:

1. That the plaintiff, as executor of the last will and testament of Levi S. Warner, be and he is hereby instructed, directed, and decreed to pay the bequest and devise mentioned and set forth in item 8 of the last will and testament of his said testator to the defendant "the Home Mission Board of the Southern Baptist Convention."

2. That the plaintiff, as executor of the last will and testament of Levi S. Warner, be and he is hereby instructed, directed,

and decreed to pay the bequest and devise mentioned and set forth in item 9 of the last will and testament of his said testator to the defendant, "the Foreign Mission Board of the Southern Baptist Convention."

3. That the plaintiff, as executor of the last will and testament of Levi S. Warner, be and he is hereby instructed, directed, and decreed to pay the bequest and devise mentioned and set forth in item 10 of the last will and testament of his said testator to the defendant, "the Trustees of the Thomasville Baptist Orphanage." . . . And from said judgment the heirs at law and next of kin appealed.

*H. F. Seawell for the plaintiff.*
*R. L. Burns and G. H. Humber for the defendants.*

Hoke, J., after stating the case: Under our decisions, the facts in evidence present an instance of a latent ambiguity, requiring and permitting the reception of extrinsic evidence; not to alter or affect the construction, but to apply the description to the intended donee, as designated by the language appearing in the will. *Keith v. Scales,* 124 N. C., 597; *Tilley v. Ellis,* 119 N. C., 235; *Simmons v. Allison,* 118 N. C., 765; *Institute v. Norwood,* 45 N. C., 66. And in such case and for such purpose, authority here and elsewhere is to the effect that the surrounding circumstances as well as the declarations of the testator are relevant to the inquiry, and especially where, as in this case, they were made at the time the will was executed. *In re Herring's will,* 152 N. C., 258; *Holt v. Holt,* 114 N. C., 241; *Morgan v. Burrows,* 45 Wis., 211; *Griscom v. Evans,* 40 N. J. L., 402; *Coulan v. Doul,* 153 U. S., 216; *Covert v. Sebern,* 73 Iowa, 564; *Vernor v. Henry,* 43 Pa. (3 Wells), 585; *Chapell v. Missionary Society,* 3 Ind. App., 356; *Allen v. Allen,* 40 Eng. Common Law, 92; Chamberlain's Best on Evidence, 232; 1 Williams on Executors, 424; Jones on Evidence (2 Ed.), sec. 479; Gardner on Wills, pp. 387-391-395.

It appeared in evidence that "Foreign Missions" was a well-recognized and beneficent charity, established and administered by the Missionary Baptist Church of the South through

the "Foreign Mission Board of the Southern Baptist Conven-
tion," an agency incorporated for the purpose, and that "Home
Missions" was a like charity, administered by like agency, en-
titled "The Home Mission Board of the Southern Baptist Con-
vention"; that collections and donations for these charities had
and made by the local churches were remitted to Mr. Walters
Durham, the Treasurer of the State Baptist Convention, at
Raleigh, and he, in turn, remitted the Home Mission money to
the Treasurer of the Home Mission Board at Atlanta, Ga., and
the Foreign Mission money was sent to the Treasurer of the
Foreign Mission Board at Richmond, Va.; that the testator
attended and was for a long time a member of the Baptist
Church at Bethlehem, Moore County, N. C.; taught in the
Sunday-school and made gifts and subscriptions to its church
work, including foreign missions, home missions, State mis-
sions, orphanage, and other causes, the witness stating "that
this church at Bethlehem was the Missionary Baptist Church,
and that he knew of no other Baptist church among the white
people in that section of the State." It was made to appear,
further, that the Missionary Baptists of the State maintained
an orphanage at Thomasville, N. C., incorporated under the
style and title of "The Trustees of the Thomasville Baptist
Orphanage," the only orphanage of any kind maintained at
Thomasville, and, on consideration of the facts in evidence,
the habits and customs of the testator, his church affiliation,
and his direct declarations referred to, there is no room for
doubt as to the testator's mind and will and that the intended
donees have been correctly ascertained and declared by the
verdict.

We were referred by counsel to several decisions in this State
and elsewhere, as in *Bridgers v. Pleasants,* 39 N. C., 26; *Meth-
odist Church v. Baker,* 91 Md., 539, to the effect that when a
testator has evinced an evident desire to create or establish a
trust, and the will is so indefinite in its scheme or as to the
beneficiaries who are contemplated that a court is unable,
either from the terms of the will or by aid of extrinsic evidence,
to ascertain or enforce the mind and purpose of the testator,
such a provision, so expressed, must fail. These and like cases

are referred to by the present *Chief Justice* in the well-considered opinion of *Keith v. Scales,* as follows: "There are numerous cases where the testator does not select the object of his bounty, but attempts to leave it to his executors or trustees to select the purpose or class, and this is too indefinite and the devise is void because no one can appoint another to make a will for him." In the present case there is no trust declared or contemplated (*St. James v. Bagley,* 138 N. C., 384), but it is a direct bequest in absolute ownership to a lawful, beneficent, and well-ascertained charity, established and administered by one of the great religious denominations of the country, and, as stated, the facts in evidence leave no doubt as to the intended beneficiaries of the testator's bounty. The case is controlled by the authorities cited, and *Gilmer v. Stone,* 120 U. S., 586, is also a direct authority in approval of the decision.

There is no error, and the judgment is affirmed.

No error.