## Hughes v. Cleveland Jewish Orphan Asylum.

(Decided May 30, 1919.)

### Appeal from Jessamine Circuit Court.

1. Wills—Construction—Intention of Testator.—The cardinal rule in the construction of wills is to ascertain from its entire contents the intention of the testator, and to give it that construction which will carry out such intention, and this rule applies to the ascertainment of the objects of the testator's bounty as well as in all other respects.

2. Wills—Construction—Extrinsic Proof.—It is competent by extrinsic proof to explain and render certain terms in a will employed by the testator to designate the objects of his bounty or the subject matter of the devise which are not themselves certain, provided that the person or subject matter so explained by such proof corresponds with the terms which the testator employed to designate them; but it is not competent by such proof to contradict the terms employed by the testator in his will upon the ground

that he made a mistake, or to substitute a person as a devisee or property as a subject matter of a devise when the testator has failed to do so by any designation whatever.

3. Wills—Construction—Extrinsic Proof.—Such testimony consists in placing the court in the condition and circumstances of the testator and explaining his surroundings, and may also consist of declarations of the testator tending to explain the ambiguous or uncertain term when the case admits of extrinsic testimony at all, especially if made at the time of the execution of the will.

4. Wills—Construction—Intention of Testator.—A testator devised property to the "Cleveland Orphan Asylum of Cleveland, Ohio, an orphan asylum for Jewish Orphans." There was no institution by that name in the city of Cleveland, Ohio, nor was any such incorporated under the laws of Ohio, but there was an incorporated institution located at Cleveland known as "The Cleveland Jewish Orphan Asylum," which had for its purpose the looking after and providing for Jewish Orphans. Held, that the society which was so incorporated and operating in the city of Cleveland was the one intended by the testator and entitled to the property which he devised by his will.

WILLIAM J. BAXTER for appellant.

MILLER & MILLER and H. E. ROSS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Simon Goetz died on March 30, 1916, a resident of Nicholasville, Jessamine county, Kentucky. He left a will containing three clauses, the first of which directed the payment of his just debts and funeral expenses. The third clause nominated his executor, and the second clause is in this language:

"All the rest and residue of my estate, real, personal and mixed, I give, devise and bequeath to the Cleveland Orphan Asylum, of Cleveland, Ohio, an orphan asylum for Jewish orphans."

The will was duly probated and the nominated executor qualified.

Composing a part of the property of which the testator died the owner was a parcel of land in the town of Nicholasville, and the appellee (plaintiff below), "The Cleveland Jewish Orphan Asylum," which is a charitable institution duly incorporated under the laws of the state of Ohio, and located in the city of Cleveland, in that state, claiming to be the beneficiary in clause two of the testator's will, entered into a contract with appellant (defendant below) to sell to him the parcel of land referred to.

In obedience to the terms of the contract it executed, acknowledged and tendered to him a deed, but he declined to accept it or to pay the agreed consideration and refused to comply with any part of the contract upon the ground that the language employed to describe the beneficiary in the will was not sufficient to designate or include the plaintiff, and that it neither had nor could convey to him a perfect title.

To enforce the contract and compel defendant to accept the deed and comply therewith, plaintiff filed this suit, and in the petition, after alleging the execution of the will and filing a copy of it, it averred that the testator intended to designate it as his beneficiary in clause two of his will.

The answer put in issue the allegations of the petition, and after submission and the hearing of proof, judgment was rendered enforcing the contract, and from that judgment defendant prosecutes this appeal.

It was shown by depositions filed in the case that plaintiff is a charitable corporation located in Cleveland, Ohio, and engaged in looking after and taking care of Jewish orphans, and that it is the only institution of that kind in that city or in the state of Ohio, since the Secretary of State testified that no other similar institution had been incorporated therein. It is furthermore shown that the testator knew such facts and that at the time and upon the occasion of the drafting of his will he did not know the exact corporate name of his intended beneficiary, and that he directed the draughtsman to write it "The Cleveland Orphan Asylum of Cleveland, Ohio, an orphan asylum for Jewish orphans," and said at the time that the last phrase, "an orphan asylum for Jewish orphans," would be sufficient to designate the institution which he had in mind as his intended beneficiary.

In construing wills the cardinal rule as held by this and all other courts is to ascertain the intention of the testator and to so construe the will as to carry out that intention, provided it does not conflict with any positive rule of law or of public policy. This rule applies to the ascertainment of the intended beneficiary of the testator, as well as to the character of estate which he takes, and to other clauses intended to express the testator's purpose. The rule is general that the law will not allow a devise to fail because the testator did not, with exact precision, describe or name his intended beneficiary. If the lan-

guage which he employs to designate his beneficiary is sufficient to enable the court from the face of the will, or in view of the circumstances, to determine who was intended, the devise will not fail, and the one so ascertained to be the intended devisee will take the property. This rule of law applied generally to devisees was presented and elaborately discussed in the case of Eichhorn v. Morat, 175 Ky. 80, where many cases from this and other courts bearing upon the question are referred to. After acknowledging the existence of the rule and its applicability to cases where the facts permit it, we said:

"It (the rule) does no violence to the rule against the substitution of a devisee when none is mentioned, nor does it tend to manifest an intention which the testatrix had entirely omitted."

In 40 Cyc., page 1447, the general rule as applied to all devisees alike is thus stated: "A mere mistake in the name or description of a legatee or devisee will not render the legacy or devise void if the person intended by the testator can be clearly ascertained and distinguished from every other person, even from the will itself or from extrinsic evidence. And this rule applies to a devise or bequest to a corporation, association or society, as well as to an individual."

Dealing with the exact question presented by the case now under consideration, it is said on page 1469 of the same volume that: "A devise or bequest to a charitable object or purpose is valid, although the beneficiary organization is not named or is misnamed, if the object intended can be ascertained with reasonable certainty from the language of the will and the surrounding circumstances, as where the devise or bequest is to a corporation, or association, having a certain described charitable purpose, but it can not be taken by an object different from the described. A devise or bequest will be valid when made to a charitable society described with substantial correctness." In the note to the last statement in the text are cases cited from many of the courts of the different states, there being no dissent from the rule as stated.

In the case of Woman's Foreign Missionary Society of the Methodist Episcopal Church v. Mitchell, 93 Maryland 199, 53 L. R. A. 711, the testator devised property to "The Board of Managers of the Foreign Missionary Society of the Methodist Episcopal Church of the United

States of America," in trust to be used for the education of six girls to enable them to become Bible readers in India. There was no such organization as that named in the will, but the Woman's Foreign Missionary Society of the Methodist Episcopal Church did have charge of that character of charitable work in India, a fact which the evidence showed was known to the testator. It was held in that case that the Woman's Foreign Missionary Society of the Methodist Episcopal Church was the institution intended by the testator to take the property and discharge the trust imposed.

In the case of McLeod v. Jones, 159 N. C. 74, it was held that "The declarations of the testator are admissible, especially where made at the time the will was executed, for the purpose of showing the society intended, in an ambiguous bequest to a 'Missionary Society.' "

In the case of Trustees of Catholic Church v. Offutt, 6 B. M. 535, the will involved made devises to the Catholic church, the Baptist church, the Presbyterian church and the Methodist Episcopal church. It did not appear what particular congregation of those denominations was intended as the devisee, but the court held that under the circumstances as developed by the proof (which is saying that extrinsic evidence may be resorted to in such cases) the testator meant the congregations of those churches located at Taylorsville, where the testator resided.

In the still later case from this court of Cromie's Heirs v. Louisville Orphans' Home Society, &c., 3 Bush 365, it was held in substance that a bequest to the Presbyterian Orphan Asylum of Louisville, when there was no such society by that name in existence, passed to the Louisville Orphans' Home Society, it being the only incorporated society of the kind in Louisville under the charge of the Presbyterian church, which latter society had been patronized by the testator in his lifetime, but he made a mistake in designating its name in his will. That case is thoroughly considered and the opinion deals exhaustively with the question.

It will be noted that the rule under consideration does not go to the extent of substituting one beneficiary for another under the guise of carrying out a supposed intention of the testator, which intention he had in no wise expressed. Nor does the rule permit the creation of a devisee when none at all is mentioned in the will, upon the theory that the testator had intended to name one

but by mistake or oversight had failed to do so. The only office of the rule is to ascertain that object of the testator's bounty which he intended to designate but by some mistake had failed to accurately do so.

· In the light of the authorities referred to, and the well settled rules which they announce, we have no hesitancy in holding that the judgment appealed from is correct, and it is affirmed.