JOHN S. CANSLER, AS SOLE SURVIVING EXECUTOR AND TRUSTEE, UNDER THE LAST WILL AND TESTAMENT OF EDWIN T. CANSLER, DECEASED, PETITIONER, V. CATHERINE CANSLER McLAUGHLIN; ANNE CAVE McLAUGHLIN, A MINOR; NELL W. CANSLER; EDWIN T. CANSLER III, BARBARA LYNN CANSLER, A MINOR; BETSY CANSLER THOMAS; CHARLES L. C. THOMAS III, A MINOR; DIANA CANSLER THOMAS, A MINOR; NELL C. CANSLER, AS EXECUTRIX UNDER THE WILL OF EDWIN T. CANSLER, JR., DECEASED; SARAH CANSLER CARROLL; JEAN CARROLL BIGGERSTAFF; JOHN F. BIGGERSTAFF, JR., A MINOR; PATRICIA CANSLER COVINGTON; JAMES R. COVINGTON, JR., A MINOR; JOAN CANSLER MARSHALL; THE UNBORN DESCENDANTS OF CATHERINE CANSLER McLAUGHLIN; THE UNBORN DESCENDANTS OF NELL W. CANSLER; THE UNBORN DESCENDANTS OF EDWIN T. CANSLER III; THE UNBORN DESCENDANTS OF BETSY CANSLER THOMAS; THE UNBORN DESCENDANTS OF SARAH CANSLER CARROLL; THE UNBORN DESCENDANTS OF JEAN CARROLL BIGGERSTAFF; THE UNBORN DESCENDANTS OF JOHN S. CANSLER; THE UNBORN DESCENDANTS OF PATRICIA CANSLER COVINGTON; AND THE UNBORN DESCENDANTS OF JOAN CANSLER MARSHALL, DEFENDANTS.

(Filed 23 September, 1953.)

**1. Wills § 33e—**

An annuity to testator's daughter "to be used by her for the support and maintenance of herself and my granddaughter . . . during the time of her natural life and until my said granddaughter shall have reached the age of 25 years" *is held,* construing the language contextually with other portions of the instrument to ascertain the testator's intent, to provide the annuity to testator's daughter for life, the arrival of the granddaughter at the age of 25 years having the effect of terminating the daughter's obligation to use part of the income for her support but not the daughter's right to receive the annuity.

**2. Trusts § 28—**

Under the terms of the trust set up by the will in suit, *it is held,* construing the language of the will contextually to ascertain the testator's intent, that none of the ultimate beneficiaries of the *corpus* of the estate is entitled to distribution of his share of the *corpus* during the lifetime of testator's daughter, the primary beneficiary of the income of the trust.

APPEAL by defendants Catherine Cansler McLaughlin, Nell W. Cansler, Edwin T. Cansler III, and Betsy C. Thomas, from *Sharp, Special Judge,* at 16 February, 1953, Extra Civil Term of MECKLENBURG.

Petition by John S. Cansler, surviving Executor and Trustee under the will of Edwin T. Cansler, for advice and instruction.

Edwin T. Cansler, an eminent member of the Charlotte Bar, died on 19 July, 1943, possessed of an estate consisting of both real and personal property. He was survived by his widow, Mrs. Lillie S. Cansler, who died 21 August, 1946, and by three children, namely: Edwin T. Cansler, Jr., who died 13 June, 1950, the defendant Sarah C. Carroll (then 52 years of age), and the petitioner John S. Cansler (then 54 years of age); and by the following grandchildren, all of whom are more than 21 years of age, namely: Catherine Cansler McLaughlin, Nell W. Cansler, Edwin T. Cansler III, and Betsy Cansler Thomas, children of Edwin T. Cansler, Jr.; Jean Carroll Biggerstaff, daughter of Sarah C. Carroll; and Patricia Cansler Covington and Joan Cansler Marshall, children of John S. Cansler.

The part of the will immediately in question is Item VII under which the testator set up a trust comprising the bulk of his estate, to be administered by his two sons, who were his law partners, or the survivor, the declared uses and purposes of the trust being as follows:

"(a) The net income . . . to my . . . . wife monthly during her lifetime, . . .; provided, that in case said net income, together with the net income from her own personal estate, shall be insufficient to yield her an annual income of $5,000.00, then I direct that my trustees shall annually use so much of the *corpus* of my said estate as shall be necessary for the purpose of guaranteeing to her an annual income of $5,000.00.

"(b) Upon her death, $3600.00 of the income from my said estate shall be paid over annually by my said trustees in monthly installments to my said daughter, to be used by her for the support and maintenance of herself and my granddaughter, Jean Carroll, during the time of her natural life and until my said granddaughter shall have reached the age of twenty-five years, and the balance of said income shall be equally divided between my two sons during their natural lives, respectively, until each shall have received an annual income of $3,000.00; provided, that if and when said total annual income from my estate shall exceed $9,600.00, the excess shall be equally divided among my three children or the child or children of such as may be dead, *per stirpes.*

"(c) Upon the death of my said daughter, said trustees shall use one-third of the net income from said estate for the support and maintenance of my granddaughter, Jean Carroll, until she shall have reached the age of thirty years, after which time the *corpus* of said fund shall be paid to her, free from the trusts hereby created; provided, that in case my said granddaughter shall die before reaching the age of thirty years, leaving child or children surviving, then my said trustees shall hold said fund for the use of such child or children until each of such children shall have

reached the age of twenty-one years, at which time, the share of such child or children shall be turned over to him, her or them, free from the limitations of this trust; however, should my said granddaughter die before reaching the age of thirty years, without leaving child or children surviving, then said fund shall revert to and become a part of the *corpus* of my estate, and be held, managed, invested and re-invested, according to the trusts and limitations in this will imposed upon the income and *corpus* of said trust estate.

"(d) Upon the death of either of my said sons before a division of the *corpus* of said trust estate shall have been made pursuant to subsection (h) hereof, the survivor, as trustee, shall hold, use and dispose of one other third of said net income for the use and benefit of his deceased brother's surviving children or grandchildren, upon trusts and limitations similar to those imposed by subsection (c) hereof, upon the income from and *corpus* of the one-third of said trust estate devised and bequeathed for the use and benefit of my said granddaughter, Jean Carroll.

"(e) Upon the death of both of my said sons before a division of said trust estate, a suitable trustee, to be appointed in the manner hereinafter provided, shall use and hold said trust estate and the net income therefrom for the benefit of the surviving descendants of my said children, upon trusts and limitations similar to those imposed by subsection (c) hereof, upon the income from and the *corpus* of the one-third of said trust estate devised and bequeathed for the use and benefit of my granddaughter, Jean Carroll.

"(f) In case one or more of my said children shall die without leaving surviving child or children or the descendants of such, then the income, as well as the *corpus* herein willed for the use and benefit of the child or children so dying shall be held in trust for the use and benefit of my other surviving child or children or his, her or their surviving descendants born within twenty-one years after the death of my last surviving child, as hereinbefore provided for the share originally willed for the benefit of each of my said children.

"(g) In case one or more of my grandchildren shall die without child or children surviving, born within twenty-one years after the death of my last surviving child, then the share or shares of such grandchild or grandchildren shall be held for the use and benefit of his or her surviving brothers and sisters, either or both, born within the period aforesaid; but if there be no such surviving brothers or sisters, then such share or shares shall be used and held in trust for the benefit of his, her or their cousins of the whole blood, born within the period aforesaid, *per stirpes.*

"(h) Upon the death of all of my grandchildren entitled to take under this will, this trust shall be dissolved and the *corpus* of said trust estate shall be paid out and conveyed to the beneficiaries entitled thereto under

the foregoing provisions of this will; provided, that whenever, after the death of my dearly beloved wife, the total net income of my estate shall exceed the sum of $9,600, and the same can be divided into three equal parts so that each part will yield an annual net income of at least $3,600, then the same may be so divided, either by the mutual consent of all of my then surviving children or the personal representative of such as may be dead, or by the court, upon petition of at least two of my said children or the legal representative of each, after which division, the part or share allotted for the benefit of my said daughter or her descendants herein-before named, shall be held upon the trusts hereinbefore imposed upon the undivided one-third interest in said estate directed to be held for her and their use and benefit, and my said sons or their descendants shall each hold one of the other two thirds of said estate, free from the trusts and limitations herein imposed thereon. However, this division shall not be made unless and until it shall be made to appear that the annual net income from the whole of said estate shall not be substantially dimin-ished by reason of such division."

Following the probate of the will, Edwin T. Cansler, Jr., and John S. Cansler, in accordance with the terms thereof, qualified as Executors and entered upon the administration of the estate as Executors and as Trus-tees thereunder, and continued therein until the death of Edwin T. Cans-ler, Jr., on 13 June, 1950; thereafter the petitioner John S. Cansler, as surviving Executor and Trustee, continued such administration until 19 February, 1951, when he completed the administration of the estate as Executor and filed his final account for settlement, which was duly audited and approved by the Clerk of the Superior Court of Mecklenburg County.

Likewise, since the death of Edwin T. Cansler, Jr., the petitioner has continued, as surviving Trustee, to administer the trust created by the will.

As shown by the Trustees' annual accounts, the Trustees, Edwin T. Cansler, Jr., and the petitioner, for each of the years from the death of the testator on 19 July, 1943, to 31 December, 1949, and the petitioner as surviving Trustee for each of the years 1950 and 1951, allocated and distributed the net annual distributable income of the trust estate, pur-suant to their construction of Item VII (b) of the will, according to the following formula: (1) the first $3,600 of such income to the testator's daughter, Sarah C. Carroll, in equal monthly installments; (2) the net income over $3,600 and up to $9,600 to E. T. Cansler, Jr., and the peti-tioner in equal shares; and (3) the net income in excess of $9,600 to Sarah C. Carroll, E. T. Cansler, Jr., and John S. Cansler in equal shares, except that for the part of the year 1950 from 14 June to 31 December, and for the year 1951, the share of the net annual income which E. T.

Cansler, Jr., would have received, had he lived, was allocated and paid to his children, the defendants Catherine Cansler McLaughlin, Nell W. Cansler, Edwin T. Cansler III, and Betsy C. Thomas, one-fourth to each.

However, these defendants—the children of Edwin T. Cansler, Jr.—on or about 9 July, 1952, through counsel, notified the petitioner of their contention, based on their interpretation of Item VII (b) of the will, that from and after the death on 21 August, 1946, of the testator's widow, Mrs. Lillie S. Cansler, the first income beneficiary of the trust, Jean Carroll Biggerstaff being then more than 25 years of age, the net income of the trust estate should have been distributed one-third each to Sarah C. Carroll, Edwin T. Cansler, Jr., and John S. Cansler; and that since the death of Edwin T. Cansler, Jr., on 13 June, 1950, these claimants, his surviving children, were entitled to one-third of the net annual distributable income of the trust estate, to be divided equally among them.

Also, Catherine Cansler McLaughlin, child of Edwin T. Cansler, Jr., became 30 years of age on 29 January, 1952, following which she informed the petitioner of her contention, based on Item VII (d) of the will, that, her father having predeceased her, she thereby became vested, upon her arrival at 30 years of age, with an indefeasible 1/12 interest in the *corpus* of the trust estate and entitled to the possession of an undivided 1/12 interest in each of the assets, real and personal, then constituting the *corpus* of the trust estate, free and discharged of the trust.

Thereupon the petitioner brought this suit, asking advice and instruction of the court with respect to the contentions made by the children of Edwin T. Cansler, Jr., deceased, and joined as parties defendant all parties having any possible interest in the trust estate—both those *in esse* and those *in posse*.

The defendants Catherine Cansler McLaughlin and other children of Edwin T. Cansler, Jr., put in an answer reiterating the foregoing contentions and by cross-petition against the petitioner asked that he be required to account to them for their portion of the income payments which they claimed had been improperly paid by the petitioner to the defendant Sarah C. Carroll.

When the cause came on for hearing below on the issues joined, the trial court, after hearing the evidence offered by both sides, found facts, made conclusions of law, and entered judgment based thereon sustaining the Trustee's interpretation of the will and denying the contentions made by the children of Edwin T. Cansler, Jr., the pertinent findings and adjudications being in summary as follows:

1. "The defendant Sarah C. Carroll was the favorite child of the testator and her daughter Jean Carroll (now Biggerstaff) was his favorite grandchild. Said Sarah C. Carroll was married in July, 1918, to Dan Carroll, who was then and had been ever since he left College, in military

service. Said Carroll had no business or professional training or experience and, after his discharge from the Army in February, 1919, never provided adequate support for said Sarah C. Carroll or their daughter. He was likewise an alcoholic and unreliable. As a result thereof, the testator supported his daughter throughout her married life and until his death and supported her daughter Jean Carroll until her marriage in 1940. During the greater part of the period from 1919 to 1925 said Sarah C. Carroll and her husband and daughter lived in the testator's home or at the testator's summer home at Little Switzerland, N. C. In the spring of 1925, the testator built a house on the westerly side of Carmel Road, across the road from his new residence, and made such house available to the Carroll family and they lived there from 1925 to about 1934, when said Sarah C. Carroll and her daughter Jean Carroll returned to the testator's home where they lived continuously until the death of the testator in July, 1943. After 1934, Dan Carroll was away from Charlotte, and in 1937 or 1938, said Sarah C. Carroll effected a permanent separation from him, and in April, 1941, she obtained an absolute divorce."

2. "In 1919, as well as for many years prior thereto, the testator had a large and profitable law practice in the City of Charlotte. His sons E. T. Cansler, Jr., and John S. Cansler, who had been practicing law only a short while before entering military service during World War I, had established no substantial practice prior to that time. Following their return from military service, in 1919, the testator entered into a law partnership with them on terms very favorable to them, which partnership continued until the testator's death."

3. "For the year 1929, the year in which the testator executed his will, his gross income from investments was approximately $6,000.00; for the year 1931, in which he executed the codicil to his will, his gross income from investments was approximately $3,000.00; and for the year 1942, the last full year before his death, his income from investments was approximately $4,000.00, but in addition thereto his wife, Mrs. Lillie S. Cansler, received during said year net income of $4,205.00 from a long-term lease on the property at 509 East Fourth Street which the testator had previously entered into and thereafter had assigned to her."

4. That "the dominant intent of the testator, to be gathered from the whole will and from the conditions surrounding the testator and his beneficiaries, was to provide adequate support for his daughter, the defendant Sarah C. Carroll, after the death of his wife and as long as Sarah C. Carroll lived, that for that purpose, after the death of his wife, said Sarah C. Carroll should receive the net annual distributable income from the trust created by Item VII of said will up to the sum of $3600.00, together with one-third of said annual distributable income, if any, in

excess of $9600.00, and that the same should be a charge upon the entire trust estate created by Item VII of said will."

5. "The defendant Catherine Cansler McLaughlin did not, upon reaching 30 years of age, become vested with an indefeasible 1/12 interest in the principal of the trust estate created by Item VII of said will, free and discharged from said trust, but that said trust will continue during the lifetime of said Sarah C. Carroll. The matter of when said trust will terminate thereafter is not now before the Court."

6. "The proper formula for computing the amounts of the net distributable income of the trust created by Item VII of said will to which the respective income beneficiaries of said trust are entitled, for the year 1951 and other years in which the beneficiaries are the same as in 1951, is as follows: the first $3600.00 of said net annual distributable income to Sarah C. Carroll in equal monthly installments, together with one-third of said net annual distributable income, if any, over $9600.00; one-half of said net annual distributable income over $3600.00 and up to $9600.00 together with one-third of said net annual income over $9600.00, if any, to John S. Cansler; and one-half of said net annual distributable income over $3600.00 and up to $9600.00, together with one-third of said annual distributable income over $9600.00, to Catherine C. McLaughlin, Nell W. Cansler, Edwin T. Cansler III, and Betsy C. Thomas, one-fourth to each."

7. Subject to a designated correction as to the payment of taxes for 1951 not pertinent to this appeal, the petitioner's final account for settlement as Executor and his annual account as Trustee for the period up to 31 December, 1951, as filed with the Clerk, were approved.

The defendants Catherine C. McLaughlin and other children of Edwin T. Cansler, Jr., excepted and appealed.

*McDougle, Ervin, Horack & Snepp and Tillett, Campbell, Craighill & Rendleman for defendants Catherine Cansler McLaughlin, Nell W. Cansler, Edwin T. Cansler III, and Betsy Cansler Thomas, appellants.*

*John S. Cansler, Petitioner, appellee, in propria persona.*

*Robinson & Jones for defendants Sarah Cansler Carroll and Jean Carroll Biggerstaff, appellees.*

*W. T. Covington, Jr., Guardian ad litem for Unborn Children of John` S. Cansler and Sarah Cansler Carroll, appellee, in propria persona.*

*B. Irvin Boyle, Guardian ad litem for Anne Cave McLaughlin, Barbara Lynn Cansler, Charles L. C. Thomas III, Diana Cansler Thomas, John F. Biggerstaff, Jr., and James R. Covington, Jr.; and the Unborn descendants of Catherine Cansler McLaughlin, Nell W. Cansler, Edwin T. Cansler III, Betsy Cansler Thomas, Jean Carroll Biggerstaff, Patricia*

*Cansler Covington and Joan Cansler Marshall, appellee, in propria persona.*

JOHNSON, J.  The judgment entered below adjudges in effect (1) that the testator's gift to his daughter, Sarah Cansler Carroll, of the first $3,600 of annual income from the trust estate was to continue for her lifetime rather than until her daughter, Jean Carroll Biggerstaff, reached 25 years of age, and (2) that there can be no distribution of the *corpus* of the trust estate until after the death of the testator's daughter, except by voluntary action of a majority in interest under the provisions of paragraph (h) of Item VII of the will.

A study of the record impels the conclusion that the judgment correctly interprets the will.

1. The clear meaning of Item VII (b) is that the $3,600 was to be used by the testator's daughter, Sarah Cansler Carroll, for her own support and maintenance "during the time of her natural life" and for the support and maintenance of her daughter, Jean Carroll Biggerstaff, until she reached 25 years of age.  The arrival of Jean at age 25 worked a limitation on the obligation of Mrs. Carroll to use part of the $3,600 to support Jean, but it did not limit Mrs. Carroll's right to receive it, it already having been provided that she was to receive this sum during her lifetime.

This appears manifest when paragraph (b) is read in connection with the preceding and succeeding paragraphs.  Paragraph (a) disposes of all the income until Mrs. Cansler's death.  Paragraph (b) disposes of the income from the death of Mrs. Cansler until the death of Mrs. Carroll, and nowhere else does the testator specify what income Mrs. Carroll is to get.  Paragraph (c) provides that on the death of Mrs. Carroll, her daughter Jean shall get one-third of the income until she is 30.  If Mrs. Carroll had died before Jean was 25, paragraph (c) rather than paragraph (b) would apply.  Thus it seems inescapable that the death of Mrs. Carroll, rather than when Jean reached the age of 25, is the termination date of the $3,600 payments.

2. The language of the will, when read and considered from its four corners, does not support appellants' contention that the children of Edwin T. Cansler, Jr., are entitled to piecemeal distributions of *corpus* during the lifetime of Mrs. Carroll as they arrive at 30 years of age.  This contention is based on the language of paragraph (d) of Item VII.

It may be doubted that paragraph (d) was intended to deal at all with the *corpus* of the shares ultimately going to the children of the testator's sons.  The language is that the surviving Trustee "shall hold, use and dispose of one other third of said *net income* for the use and benefit of

his deceased brother's surviving children or grandchildren." (Italics added.)

This paragraph expressly refers to paragraph (h) for provisions having to do with the division of the *corpus.* And it is significant that in paragraph (h) in making provision whereby the beneficiaries, by consent or upon petition of the majority in interest, could divide the *corpus,* the testator was careful to provide that this could not be done until it was assured that the income from each third of the estate would be at least $3,600 per year. If paragraph (d) should be construed to permit piecemeal distribution of *corpus* during the life of Mrs. Carroll, such construction would override this clearly expressed provision of paragraph (h) by which the testator manifestly intended to assure to his daughter, Mrs. Carroll, a yearly income for life of at least $3,600. As to this, it is noted that all four of the children of Edwin T. Cansler, Jr., will be 30 years of age within the next three years and that the children of John S. Cansler will attain that age within a few years.

But be this as it may, and conceding that paragraph (d) deals with *corpus* as well as income, even so, by its express language it is subject to limitations "similar to those imposed" by paragraph (c).

And in so far as *corpus* is concerned, the limitations contained in paragraph (c) include a limitation that there shall be no distribution until the death of Mrs. Carroll. Jean Carroll Biggerstaff has already passed 30 years of age. Nevertheless, by the clear language of paragraph (c) she is not entitled to distribution of *corpus* until her mother dies. Therefore, if paragraph (d) should be construed as dealing with *corpus,* necessarily it would carry with it the limitations imposed by the language of the paragraph. And manifestly the testator did not mean by "similar limitations" to substitute the death of his son in paragraph (d) for the death of his daughter in paragraph (c), because paragraph (d) itself contains express limitations with respect to the death of the son, and then imposes, in addition, limitations similar to those imposed in paragraph (c). Thus the death of Mrs. Carroll stands as a limitation upon both paragraph (c) and paragraph (d). Moreover, paragraph (d) applies only to "one other third of said net income." Paragraph (c) applies to one-third of the net income from the whole estate for the use and benefit of Jean Carroll Biggerstaff after her mother's death. "One other third" could not come into being until the first third was created by the death of Mrs. Carroll. Therefore, in any event paragraph (d) by its clear terms imposes the death of Mrs. Carroll as a condition precedent to its operation.

The appellants' contentions and arguments *contra,* ably presented with considerable force of logic, have been considered with care. However, a contextual study of the grammatical meaning and logical sense of the

language of the will in the light of the manner in which the testator and the objects of his testamentary disposition were circumstanced, impels the conclusion that the court below correctly declared the testator's intent. Neither technical interpretation nor involved rules of construction seem necessary in sustaining the judgment below. *Heyer v. Bulluck*, 210 N.C. 321, 186 S.E. 356.

The question of when the trust will terminate after the death of Sarah Cansler Carroll is not presented for decision.

The judgment below is

Affirmed.