JUANITA B. FULLER, RUTH B. BRANCH, THETA MAE B. FREEMAN AND FANNIE B. PREVATTE v. INGRAM P. HEDGPETH, EXECUTOR AND TRUSTEE UNDER THE WILL OF ENOCH BRITT, EDNA BRITT, ANNIE BRITT, HORACE BRITT, WANDA LOU BRITT, LINDA GAYLE BRITT AND BETTY ANN BRITT, THE LAST THREE NAMED, CHILDREN OF HORACE BRITT, AND ANY AND ALL CHILDREN WHO MAY HEREAFTER BE BORN UNTO HORACE BRITT, AND ANY AND ALL CHILDREN WHO MAY HEREAFTER BE BORN UNTO BETTY ANN BRITT, ESTHER MAE BRITT NYE, AND ANY AND ALL CHILDREN WHO MAY HEREAFTER BE BORN UNTO ESTHER MAE BRITT NYE, ELLEN LOUISE B. ROWAN, AND ANY AND ALL CHILDREN WHO MAY HEREAFTER BE BORN UNTO ELLEN LOUISE B. ROWAN, E. H. BRANCH, AND ANY AND ALL CHILDREN WHO MAY HEREAFTER BE BORN UNTO E. H. BRANCH, DIANE FULLER, AND ANY AND ALL CHILDREN WHO MAY HEREAFTER BE BORN UNTO DIANE FULLER, ELVIN FREEMAN, AND ANY AND ALL CHILDREN WHO MAY HEREAFTER BE BORN UNTO ELVIN FREEMAN, WILBER BRITT, AND ANY AND ALL CHILDREN WHO MAY HEREAFTER BE BORN UNTO WILBER BRITT, MILDRED PREVATTE ALLEN, AND ANY AND ALL CHILDREN WHO MAY HEREAFTER BE BORN UNTO MILDRED PREVATTE ALLEN.

(Filed 29 January, 1954.)

**1. Wills § 31—**

When the validity of an item in a will is challenged on the ground of uncertainty, it will be declared void on that ground only when its terms are so indefinite and uncertain that the court, in applying the usual rules of construction, is unable to declare the intention of the testator for the reason that in legal contemplation there was no expression of intention on his part.

**2. Trusts § 3b—**

A devise and bequest of property to a named trustee to be managed by him, with direction that he pay the entire net income to testator's widow for life or widowhood, with further direction that the use of designated parcels of the residue be set over to named children or grandchildren of testator, and that upon the death of the life beneficiaries the trustee should convey to designated ultimate beneficiaries, is *held* to create an active trust.

**3. Wills § 34b: Trusts § 3a—**

Where there is no uncertainty or vagueness in the provisions of the trust devising and bequeathing certain property to the trustee with direction that the net income thereof be paid to testator's widow during the term of her life or widowhood, *held* the trust will not be declared void for asserted uncertainty or vagueness in the final disposition of the property, since if the trust provisions are good in any respect or to any extent a broadside challenge thereto must fail.

**4. Wills § 39—**

The courts will not consider questions relating to possible uncertainties as to who will take portions of testator's property upon the happening of certain events, since such questions are premature and speculative questions of interpretation to be determined if and when they arise in the future.

**5. Wills § 31½—**

Where a codicil makes a disposition of property at variance with provisions made in the will respecting the same property, the inconsistent provisions are not void for repugnancy since, even though the codicil does not in express language revoke the corresponding item of the will, it revokes such inconsistent provision of the will by implication.

**6. Wills § 33h—**

Under the rule against perpetuities, no devise or grant of a future interest in property is valid unless title thereto must vest, if at all, not less than twenty-one years, plus the period of gestation, after some life or lives in being, at the time of the creation of the interest.

**7. Same—**

The controlling factor in the application of the rule against perpetuities is the time when a future interest vests, rather than the time when it comes into enjoyment.

**8. Same—Trust held not to violate rule against perpetuities.**

Testator devised certain property to a named trustee with provision that the entire net income therefrom be paid to testator's widow during her life or widowhood, and that upon the termination of her estate, use of designated parcels of the residue should be set over to named children and grandchildren of testator for life, with further direction that upon the death of these life beneficiaries the property should be conveyed in fee simple to the children or heirs of named life tenants. *Held:* The trust does not violate the rule against perpetuities, since the fee simple title vests in the ultimate beneficiaries as at the time of the death of testator, with enjoyment postponed during the preceding life estates.

APPEAL by plaintiffs from *Carr, J.,* at February-March Civil Term, 1953, of ROBESON.

Civil action under the Declaratory Judgment Act (G.S. 1-253 *et seq.*) to determine whether the trust provisions of the will of Enoch Britt are void.

After the testator's death in October, 1952, his will, and two codicils thereto, were admitted to probate in the office of the Clerk of the Superior Court of Robeson County as his last will and testament. Following this, the plaintiffs, who are heirs at law of the testator and devisees and legatees under the residuary clause of his will, instituted this action alleging that: "The trust provisions of said will, and codicils thereto, are vague, indefinite, uncertain, contradictory, violate the rule against perpetuities, and are therefore void." The defendants filed answers denying these allegations.

The trust provisions under attack are set out in summary and in pertinent part as follows:

"ITEM II. I will, devise, and bequeath all of my property, of every sort, kind and description, both real and personal, which is left after

carrying out the provisions of Item One hereof, unto INGRAM P. HEDG-PETH, as Trustee, to be by said Trustee held, managed and disposed of in the manner and for the uses and purposes following (another item of the will provides for successor trusteeship) :

"(a) The said Trustee shall, at all times during the continuance of this trust, keep all property in his hands in a reasonable state of repair and preservation, and pay all taxes not hereinafter provided, insurance premiums and other charges thereon.

"(b) My said Trustee shall, during the term of the natural life or widowhood of my beloved wife, Edna Britt, pay to her the net income arising from my said Estate, and in addition thereto my said Trustee is hereby directed to provide her the use of my said home, together with the furniture and fixtures therein contained, together with such other of my personal property as may be necessary for her comfort and support.

"(c) After the death of my said wife, or in the event she should re-marry, my said Trustee aforesaid is hereby directed to convey and deliver to my son, Horace Britt, any and all farming tools and equipment, including tractors and trucks belonging to my said estate; and my said Trustee is likewise authorized and directed to set over and deliver to the said Horace Britt, the possession and use of the following described real estate belonging to my said Estate for and during the term of his natural life, conditioned upon his paying the annual taxes thereon: (Then follows description of four tracts of land aggregating 172 acres, more or less.)

"(d) Upon the death of my son, Horace Britt, my said Trustee shall convey the lands set forth in the preceding paragraph (c) hereof, in fee simple, share and share alike, to my daughter, Esther Mae Britt, and to my daughter, Ellen Louise Britt, and to my granddaughter, Betty Ann Britt. However, in the event that my said daughters, Esther Mae Britt and Ellen Louise Britt, and my granddaughter, Betty Ann Britt, be not living at the time of death of my son, Horace Britt, then in that event I direct my said Trustee to convey the interest to their heirs at law.

"(e) After the death of my said wife, or in the event she should re-marry, my said Trustee is hereby authorized and directed to set over and deliver to my beloved daughter, Ellen Louise Britt, the "Home Place" where I now reside, and the Second Tract containing one-fourth (¼) of an acre (description follows), the possession and use of said lands to be during the terms of her natural life, conditioned upon her paying the annual taxes thereon.

"(f) Upon the death of my said daughter, Ellen Louise Britt, my said Trustee is hereby authorized and directed to convey the lands referred to in paragraph (e) hereof, in fee simple, share and share alike, to the children born to my said daughter, Ellen Louise Britt, and to the representative of any deceased child of the said Ellen Louise Britt."

The foregoing provisions of paragraph (e) and (f) were modified by Second Codicil, Item 1, as follows:

"ITEM I. In Item 2, Subdivision "E" of my last will and testament, executed on the 15th day of February, 1951, I devised to my beloved daughter, Ellen Louise Britt, a certain tract or parcel of land known as the "Home Place" where I now reside and the Second Tract containing one-fourth (¼) of an acre (description follows), the possession of and use of said lands to be during the term of her natural life, conditioned upon her paying the annual taxes thereon, and it is now my will and desire that after the death of my said wife or in the event that she should re-marry, my said Trustee is hereby authorized and directed to set over and deliver to my beloved daughters, Ellen Louise Britt Rowan and Esther Mae Britt as tenants in common, the "Home Place," where I now reside, and the Second Tract containing one-fourth (¼) of an acre (same description), the possession and use of said lands to be during the term of their natural lives, conditioned upon their paying the annual taxes thereon. Upon the death of my said daughters, Ellen Louise Britt Rowan and Esther Mae Britt, my said Trustee is hereby authorized and directed to convey the lands referred to in fee simple, share and share alike, to the children born to my said daughters, Ellen Louise Britt Rowan and Esther Mae Britt, and to the representative of any deceased child of the said Ellen Louise Britt Rowan and Esther Mae Britt."

"(g) After the death of my said wife, or in the event she should re-marry, my said Trustee is hereby authorized and directed to set over and deliver to my said daughter, Esther Mae Britt, all that certain First Tract or parcel of land, containing 25 acres (description follows), the possession and use of said lands to be for the term of her natural life, conditioned upon her paying the annual taxes thereon.

"(h) Upon the death of my said daughter, Esther Mae Britt, my said Trustee is hereby authorized and directed to convey the lands referred to in paragraph (g) hereof, in fee simple, share and share alike, to the children born to the said Esther Mae Britt, and to the representative of any deceased child of the said Esther Mae Britt."

The foregoing provisions of Paragraphs (g) and (h) were modified by Second Codicil, Item 2, as follows:

"ITEM 2. In Item 2, Subdivision "G" of my said last will and testament executed the 15th day of February 1951, I devised all that certain . . . tract or parcel of land containing 25 acres (description follows), to my daughter, Esther Mae Britt, the possession of said land to be for the term of her natural life, conditioned upon her paying the annual taxes thereon, and it is now my will and desire that after the death of my said wife or in the event that she should remarry, my said Trustee is hereby authorized and directed to set over and deliver to my said son, Horace

Britt, all that certain . . . tract or parcel of land containing 25 acres (same description) and the possession and use of said lands to be for the term of his natural life, conditioned by his paying the annual taxes thereon. Upon the death of my said son, Horace Britt, my said Trustee is hereby authorized and directed to convey the lands herein referred to in fee simple, share and share alike to the children born to the said Horace Britt and to the representative of any deceased child of the said Horace Britt."

"(i) After the death of my said wife, or in the event she should re-marry, my said Trustee is hereby authorized and directed to set over and to deliver to my grandson, E. H. Branch, son of my daughter, Ruth, the following described real estate, the possession and use of said lands to be for the term of his natural life, conditioned upon his paying the annual taxes thereon. (Then follows description of two parcels of land.)

"(j) Upon the death of my said grandson, E. H. Branch, my said Trustee is hereby authorized and directed to convey the lands referred to in paragraph (i) hereof, in fee simple, share and share alike, to the children born to the said E. H. Branch and to the representative of any deceased child of the said E. H. Branch.

"(k) After the death of my said wife, or in the event she should re-marry, my said Trustee is authorized and directed to set over and deliver to my granddaughter, Diane Fuller, child of my daughter, Juanita Fuller, and to Elvin Freeman, my grandson, a certain lot or parcel of land situate in the City of Lumberton, North Carolina (description follows). The possession and use of said land to be for the terms of their natural life, conditioned upon their paying the annual taxes thereon.

"(l) Upon the death of the said Diane Fuller and Elvin Freeman, my said Trustee is hereby authorized and directed to convey the lands referred to in paragraph (k) hereof, in fee simple, share and share alike, to the children born to the said Diane Fuller and Elvin Freeman, and to the representative of any deceased child of the said Diane Fuller and Elvin Freeman.

"(m) After the death of my said wife, or in the event she should re-marry, my said Trustee is hereby authorized and directed to set over and deliver to my daughters Wilbur (sic) Britt and Mildred Prevatte, my farm known as the "Moody Place," containing 40 acres, and my tract of land in the swamp across Joel's Lake known as Brumbles Island, contain-ing 50 acres, the same to be divided equally between them (provision not pertinent to decision omitted), the possession and use of said lands and such possession and use thereof to be for and during the term of the life of the said Wilbur (sic) Britt and Mildred Prevatte, conditioned upon their paying the annual taxes thereon.

"(n) Upon the death of my said daughters Wilbur (*sic*) Britt and Mildred Prevatte, my said Trustee is hereby authorized and directed to convey the lands referred to in paragraph (m) hereof, in fee simple, share and share alike, to the children born to the said Wilber Britt and Mildred Prevatte, and to the representative of any deceased child of the said Wilber Britt and Mildred Prevatte.

"(o) After the death of my said wife, or in the event she should remarry, my said Trustee is hereby authorized and directed to set over and deliver to my daughter, Esther Mae Britt and to my daughter, Ellen Louise Britt, all that certain tract or parcel of land situate in the City of Lumberton, Robeson County, North Carolina (description follows). The possession and use of said lands to be for the term of their natural life, conditioned upon their paying the annual taxes thereon.

"(p) Upon the death of my said daughters, Esther Mae Britt and Ellen Louise Britt, my said Trustee is hereby authorized and directed to convey the lands referred to in paragraph (o) hereof, in fee simple, share and share alike, to the children born to the said Esther Mae Britt and Ellen Louise Britt, and to the representative of any deceased child of the said Esther Mae Britt and Ellen Louise Britt.

"(q) After the death of my said wife, or in the event she should remarry, my said Trustee is hereby authorized and directed to set over and deliver to my granddaughter, Betty Ann Britt, those two certain lots (description follows). The possession and use of said lands to be for the term of her natural life, conditioned upon her paying the annual taxes thereon.

"(r) Upon the death of my said granddaughter, Betty Ann Britt, my said Trustee is hereby authorized and directed to convey the lands referred to in paragraph (q) hereof in fee simple, share and share alike, to the children born to the said Betty Ann Britt, and to the representative of any deceased child of the said Betty Ann Britt.

"(s) Such of my property, either real, personal or mixed, not herein specifically devised, which shall remain upon the death of my wife, I hereby direct that my said Trustee shall cause the same to be equally divided between all of my said children who may be living at that time, or the representative of any who may have died, *per stirpes* and not *per capita,* and convey and deliver to each his or her respective share and portion thereof."

By codicil, the testator made provisions as follows for the disposition of certain lands acquired after the execution of the will:

"1. After the death of my said wife, or in the event she should remarry, my said Trustee is hereby authorized and directed to convey to my granddaughter, Betty Ann Britt, in fee simple, . . . two certain lots (description follows).

"3. After the death of my said wife, or in the event she should re-marry, my said Trustee is hereby authorized and directed to convey to my son, Horace Britt, in fee simple . . . five certain lots (description follows).

The court below held that the trust provisions were not void and entered judgment decreeing that the will, with the codicils thereto, "constitutes a valid disposition of the property of the testator . . ."

From the judgment so entered the plaintiffs appealed.

*L. J. Britt and McLean & Stacy for plaintiffs, appellants.*

*Varser, McIntyre & Henry and Frank D. Hackett for defendants, appellees.*

JOHNSON, J.   It is to be noted that this action is not one for advice and instruction in connection with the settlement of an estate (*Trust Co. v. Barrett,* 238 N.C. 579, 78 S.E. 2d 730); nor is it an ordinary suit for the construction of specific items of a will (*Cansler v. McLaughlin,* 238 N.C. 197, 77 S.E. 2d 618). The plaintiffs in their complaint challenge the validity of the trust provisions of the will. They assert that these provisions are void *in toto.* The attack is general and broadside. They allege, without further elaboration, that the trust is void, for that its provisions are (1) uncertain, (2) repugnant, and (3) violate the rule against perpetuities. We discuss these grounds of attack *seriatim.*

1. *The question of uncertainty.*—When the validity of an item in a will is challenged on the ground of uncertainty, it will be declared void on that ground only when its terms are so indefinite and uncertain that the court, in applying the usual rules of construction, is unable to declare the intention of the testator for the reason that in legal contemplation there was no expression of intention on his part. 57 Am. Jur., Wills, Sec. 34.   See also *White v. University,* 39 N.C. 19; *McLeod v. Jones,* 159 N.C. 74, 74 S.E. 733; *Reid v. Neal,* 182 N.C. 192, 108 S.E. 769.

No such uncertainty appears in connection with the trust provisions of this will.   Under "Item II" of the will the residuary estate of the testator is devised and bequeathed to "Ingram P. Hedgpeth, as Trustee."   The trust so created is an active one (*Fisher v. Fisher,* 218 N.C. 42, 47, 9 S.E. 2d 493), under which the widow, Edna Britt, "during the term of her life or widowhood" is to receive the entire net income.

It seems to be conceded, and rightly so, that there is no uncertainty or vagueness as to the provisions made for the widow during her life or widowhood.   This being so, the allegation that the trust is void for uncertainty may not be sustained.   This is so for the reason that if the trust provisions are good in any respect, or to any extent, the plaintiffs' broad-side challenge must fail.   Therefore for the purpose of decision we pursue the question of uncertainty no further.

However, we note in passing certain questions raised in the plaintiffs' brief respecting possible uncertainties as to who will take portions of the property in the event of the death of one or more of the testator's children without leaving children. These are premature, speculative questions of interpretation to be determined if and when they arise in the future. They are not presented for review by this record. See *Burchett v. Mason,* 233 N.C. 306, 308, 63 S.E. 2d 634.

2. *The question of repugnancy.*—There is no merit in the plaintiffs' contentions that the trust provisions are void for repugnancy. These contentions are too unsubstantial to require extended discussion. Illustrative of these contentions: Plaintiffs point to the provisions of Paragraph (f) of Item II of the will and Item 1 of the second codicil, both of which deal with the same property, with the codicil making a disposition of the property entirely different from the will. Here the plaintiffs make the contention that both provisions are void for repugnancy because the codicil does not in express language revoke the corresponding item of the will. As to this, it is enough to say that the provisions of the codicil revoke the corresponding provisions of the will by clear implication. It is elemental that "a codicil plainly inconsistent with the provisions of the will operates, to the extent of the inconsistency, as a revocation of the will even in the absence of any express words of revocation." 57 Am. Jur., Wills, Sec. 485; *Armstrong v. Armstrong,* 235 N.C. 733, 735, 71 S.E. 2d 119. See also *Jenkins v. Maxwell,* 52 N.C. 612; *Dalton v. Houston,* 58 N.C. 401; Annotations, 51 A.L.R. 712; 123 *Id.* 1406.

3. *The rule against perpetuities.*—The essential elements of this rule are stated succinctly by *Barnhill, J.,* in *McQueen v. Trust Co.,* 234 N.C. 737, 741, 68 S.E. 2d 831, as follows: ". . . no devise or grant of a future interest in property is valid unless title thereto must vest, if at all, not less than twenty-one years, plus the period of gestation, after some life or lives in being, at the time of the creation of the interest." Dean Mordecai states the rule in abbreviated form this way: "Every estate must vest during a life or lives in being and twenty-one years—plus the usual period of gestation—thereafter." Mordecai's Law Lectures, Section Edition, p. 589.

The controlling factor in the application of the rule against perpetuities is the time when a future interest vests, rather than the time when it comes into enjoyment. *McQueen v. Trust Co., supra.*

Here it is provided that on termination of the widow's estate *durante viduitate* the fee simple title to specifically designated portions of the trust realty shall vest immediately in certain named children and grandchildren of the testator, with direction that the possession and use of designated parcels of the residue of the trust realty be set over to named children and grandchildren of the testator living when the will was made,

for the period of their lives, with further direction that upon the death of these life beneficiaries the trust shall terminate and the various parcels of realty held by them shall be set over and conveyed in fee simple to the ultimate beneficiaries of the trust.

It is manifest that all interests created by the trust provisions of this will vest within the time allowed by the rule against perpetuities. *Mc-Queen v. Trust Co., supra,* and cases there cited.

It follows from what we have said that the judgment below is

Affirmed.